From: The District Court of the Eighth Judicial District. County of Cascade.

STATE OF MONTANA, Plaintiff, vs. WILLIAM P. BARRY, Defendant.

NO. 5764B

## DECISION

The application of the above-named defandant for a review of the sentence of 25 years, imposed on January 20, 1969, was fully heard and after a careful consideration of the entire matter it is decided that:

(1) The sentence be and remain as originally imposed by the sentencing court.

The reason for the above decision is that the defendant was convicted of crime against nature punishable by imprisonment for not less than 5 years with no limit, yet received this sentence of but 25 years with eligibility for parole consideration in October, 1973, after being received January 24, 1969, although he has a record of four prior felony convictions. Since the presumption is that the sentencing judge was correct in his determination (State v. Brecht and State v. Barton both decided this day) we are unable to say from anything presented in this case that the sentence imposed was not proper, reasonable, and sufficiently lenient, the crime and sentencing goals kept in mind, together with the defendant's prior record.

We thank Daniel L. Rothlisberger, Esq., of the University Defenders for his assistance to the defendant.

SENTENCE REVIEW DIVISION

DATED this 7th day of April, 1969.

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.

From: The District Court of the Sixth Judicial District. County of Park.

STATE OF MONTANA, Plaintiff, vs. MURL DUANE BOOM, Defendant.

NO. 1834

## DECISION

The application of the above-named defendant for a review of the sentence of four years, imposed on October 15, 1968, was fully heard and after a careful consideration of the entire matter it is decided that:

(1) The sentence be and remain as originally imposed by the sentencing court.

The reason for the above decision is that the sentence appears proper and sufficiently lenient in that defendant was convicted of desertion of minor children punishable by not more than 7 years imprisonment, yet received but a 4 year sentence with parole eligibility in June 1969, after being received October 16, 1968, although defendant originally was given a deferred imposition of sentence which defendant violated.

DATED this 7th day of April, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield.